UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

SHADI HAMMOUD,

Plaintiff,   Case No. 2:21-cv-10618

v.

VITAL RECOVERY SERVICES, LLC.

Defendant.
_____/

Youssef H. Hammoud (CA: 321934)
**HAMMOUD LAW, P.C.**
206 W. 4th St., 3rd Floor
Santa Ana, CA 92701
T: (949) 301-9692
F: (949) 301-9693
E: yh@lawhammoud.com

Tarek N. Chami (P76407)
**CHAMI LAW, PLLC**
22000 Michigan Ave., Suite 200
Dearborn, MI 48124
T: (313) 444-5029
tarek@pricelawgroup.com

*Attorneys for Plaintiff
Shadi Hammoud*

//

//

//

1

## CIVIL COMPLAINT
## JURY DEMAND

NOW COMES Plaintiff Shadi Hammoud, ("Plaintiff"), by counsel, alleging violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 et seq., the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., and intrusion upon seclusion – invasion of privacy against Defendant Vital Recovery Services, LLC. ("VRS" or "Defendant").

## INTRODUCTION

1. Count I of Plaintiff's Complaint is based upon the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227. The TCPA is a federal statute that broadly regulates the use of automated telephone equipment. Among other things, the TCPA prohibits certain unsolicited marketing calls, restricts the use of automatic dialers or prerecorded messages, and delegates rulemaking authority to the Federal Communications Commission ("FCC").

2. Count II of Plaintiff's Complaint is based upon the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*, which prohibits debt collectors from engaging in abusive, deceptive and unfair practices in connection with the collection of consumer debts.

3. Count III of Plaintiff's Complaint is based upon the Invasion of Privacy -Intrusion upon Seclusion, as derived from § 652B of the Restatement (Second) of Torts. § 652B prohibits an intentional intrusion, "physically or otherwise, upon the

solitude or seclusion of another or his private affairs or concerns… that would be highly offensive to a reasonable person."

## JURISDICTION AND VENUE

4. Jurisdiction of this court arises under 47 U.S.C. § 227 *et seq.*, 15 U.S.C. § 1692 *et. seq.*, and 28 U.S.C. 1331.

5. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District. Because Defendant transacts business here, personal jurisdiction is established.

## PARTIES

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1691a(3).

7. Plaintiff is a natural person residing in Wayne County, Michigan.

8. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

9. Defendant is attempting to collect on a "debt" as defined 15 U.S.C. § 1692(5).

10. Defendant is a national third-party collection agency and can be served through its agent for service of process, CSC-Lawyers Incorporating Service (Company) at 2900 West Road, Ste 500, East Lansing, MI 48823.

11. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

3

## FACTUAL ALLEGATIONS

12. Defendant is attempting to collect an alleged debt from Plaintiff.

13. In or around December 2020, in an attempt to collect on an alleged consumer account, Defendant began contacting Plaintiff on his cellular phone number ending in 2901.

14. On or about December 15, 2020, Plaintiff received a call from Defendant on his cell phone.

15. Plaintiff answered the call from Defendant and after picking up, Plaintiff noticed an unusually long delay and recalls hearing a series of beeps or tones before the representative began speaking, consistent with the use of an automatic dialing system.

16. During this conversation, Plaintiff spoke with a representative who indicated that Defendant was attempting to collect a debt.

17. Plaintiff explained that he was at work, his work hours were from 8:00 a.m. until 7:00 p.m., and that Defendant should call him after work hours, effectively revoking consent to be called during his work hours.

18. Despite requesting to be contacted after work hours, Defendant continued to call Plaintiff ONLY during his work hours.

19. Between December 15, 2020 and March 02, 2021, Defendant called Plaintiff on his cellular phone approximately one-hundred and fifteen times (115).

20. Defendant called Plaintiff during a time and place it knew was inconvenient for him.

21. Defendant would call Plaintiff on an almost daily basis, only during his work hours.

22. Defendant would even place multiple calls a day to Plaintiff during his work hours, despite knowing Plaintiff's work hours and that Plaintiff wanted to be called only after those hours.

23. Upon information and belief, Defendant also called and texted, or attempted to call and text friends and family of Plaintiff, with the intention that they would communicate to Plaintiff that Defendant was attempting to collect a debt from him, causing Plaintiff additional embarrassment and distress.

24. Upon information and belief, Defendant called Plaintiff and delivered prerecorded or artificial voice messages.

25. Upon information and belief, Defendant's automatic dialer failed to return to the on-hook state within 60 seconds of completion of dialing.

26. Upon information and belief, the phone system used by Defendant places more calls than there are collection representatives available, resulting in more calls made to Plaintiff.

27. Upon information and belief, use of the automated telephone dialing system by Defendant allowed Defendant to call Plaintiff more times than it otherwise

would have been able to had it dialed manually, increasing the harassing nature of the calls.

28. Upon information and belief, Defendant's phone system is capable of placing tens of thousands of automated phone calls a day.

29. Upon information and belief, Defendant's representatives did not review Plaintiff's account notes and/or file prior to a collection call being made to him by Defendant's automated phone system.

30. Defendant's conduct was done willfully and knowingly.

31. Defendant was aware that Plaintiff had requested to be contacted only after his work hours, and despite this, Defendant continued to place automated debt collection calls to Plaintiff's cellular phone ONLY during his work hours.

32. Defendant knew or should have known that Plaintiff did not want any calls during his work hours.

33. Despite knowing this, Defendant continued to bombard Plaintiff's cell phone with automated debt collection calls during his work hours.

34. Defendant's calls were excessive and done with the purpose of attempting to harass Plaintiff into making a payment on the alleged debt.

35. The conduct was not only willful but was done with the intention of causing Plaintiff such distress, so as to induce him to pay the debt.

36. Further, the conduct was done with such frequency so as to harass Plaintiff and cause him great annoyance.

37. Plaintiff attempted to get the calls to stop during his work hours, however, Defendant continued to lay siege in an intentional manner to overwhelm Plaintiff and force him to make a payment on the alleged debt.

38. As a result of Defendant's conduct, Plaintiff began to suffer from emotional distress, including fear, confusion, and stress.

39. Defendant's intrusion upon Plaintiff's seclusion was highly offensive to the reasonable person and far exceeded reasonable collection efforts.

40. Defendant's conduct was especially unreasonable because it called relentlessly during Plaintiff's work hours after he had explained that he should receive calls only after his work hours and provided those hours.

41. Defendant acted maliciously and subjected Plaintiff to oppression.

42. Due to Defendant's actions, Plaintiff has suffered from immense emotional and mental pain and anguish, including but not limited to, stress, anxiety, headaches, confusion, frustration and annoyance.

## COUNT I
**(Violations of the TCPA, 47 U.S.C. § 227)**

43. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

44. Defendant violated the TCPA. Defendant's violations include, but are not limited to the following:

    a. Within four years prior to the filing of this action, on multiple occasions, Defendant violated TCPA 47 U.S.C. § 227 (b)(1)(A)(iii) which states in pertinent part, "It shall be unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice — to any telephone number assigned to a . . . cellular telephone service . . . or any service for which the called party is charged for the call.

    b. Within four years prior to the filing of this action, on multiple occasions, Defendant willfully and/or knowingly contacted Plaintiff at Plaintiff's cellular telephone using an artificial prerecorded voice or an automatic telephone dialing system and as such, Defendants knowing and/or willfully violated the TCPA.

45. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff is entitled to an award of five hundred dollars ($500.00) in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B). If the Court finds that Defendants knowingly and/or willfully violated the TCPA, Plaintiff is entitled to an

award of one thousand five hundred dollars ($1,500.00), for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## COUNT II
### (Violations of 15 U.S.C. § 1692 *et seq*.)

46. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

47. Defendant violated the FDCPA. Defendant's violations include, but are not limited to, the following:

   i. Defendant violated 15 U.S.C. § 1692c(a)(1) by communication with Plaintiff in connection with the collection of a debt (1) at an unusual time or place or a time or place known or which should be known to be inconvenient to the Plaintiff;

   ii. Defendant violated 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of the alleged debt;

   iii. Defendant violated 15 U.S.C. § 1692d(5) by causing Plaintiff's phone to ring or engaging Plaintiff in telephone conversations repeatedly; and

   iv. Defendant violated 15 U.S.C. § 1692f by using unfair or unconscionable means in connection with the collection of an alleged debt;

9

48. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

49. Defendant was aware of Plaintiff's work hours, that he did not want any calls during his work hours, that he should be called only after his work hours, and yet, Defendant continued to only call Plaintiff during his work hours in an attempt to harass him to pay the alleged debt.

50. As a result of the foregoing violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages, and attorneys' fees and costs.

## COUNT III
### (Intrusion Upon Seclusion)

51. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

52. Restatement of the Law, Second, Torts, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes… upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person".

53. Defendant violated Plaintiff's privacy. Defendant's violations include, but are not limited to, the following:

    c. Defendant intentionally intruded, physically or otherwise, upon Plaintiff's solitude and seclusion by engaging in harassing phone calls in an attempt to collect on an alleged debt despite Plaintiff's request that Defendant only contact him outside his works.

    d. The number and frequency of the telephone calls to Plaintiff by Defendant after requesting to be called after his work hours constitute an intrusion on Plaintiff's privacy and solitude.

    e. Defendant's conduct would be highly offensive to a reasonable person as Plaintiff received calls that interrupted Plaintiff's work and daily schedule.

    f. Defendant's acts, as described above, were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

54.   As a result of Defendant's violations of Plaintiff's privacy, Defendant is liable to Plaintiff for actual damages.

## PRAYER OF RELIEF

**WHEREFORE**, Plaintiff Shadi Hammoud, respectfully requests judgment be entered against Defendant Vital Recovery Services, LLC, for the following:

    A. Statutory damages pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

    B. Declaratory judgment that Defendant violated the FDCPA;

C. Statutory damages of $1,000.00 pursuant to the FDCPA, 15 U.S.C. § 1692k(a)(2)(A));

D. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

E. Costs and reasonable attorneys' fees pursuant to the 15 U.S.C. § 1692k(a)(3);

F. Special damages in the form of exemplary damages for Defendant's willful and wanton conduct;

G. Awarding Plaintiff any pre-judgment and post-judgment interest as may be allowed under the law; and

H. Any other relief that this Honorable Court deems appropriate.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff hereby demands a trial by jury of all issues triable by jury.

Respectfully submitted this 19th day of March 2021.

/s/ *Youssef H. Hammoud*
Youssef H. Hammoud (CA: 321934)
**HAMMOUD LAW, P.C.**
206 W. 4th St., 3rd Floor
Santa Ana, CA 92701
T: (949) 301-9692
F: (949) 301-9693
E: yh@lawhammoud.com

Tarek N. Chami (P76407)

CHAMI LAW, PLLC
22000 Michigan Ave., Suite 200
Dearborn, MI 48124
T: (313) 444-5029
tarek@chamilawpllc.com

*Attorneys for Plaintiff*
*Shadi Hammoud*